## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**
                    **Plaintiff,**

**vs.**                                                    **Case No:  25-CR-4826 DHU**


**TYLER VIGIL,**
                    **Defendant.**

### PARTIALLY OPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

COMES NOW, Defendant TYLER VIGIL, by and through his counsel of record, Ahmad Assed, Esq., and respectfully requests the Court modify his conditions of release to allow him to attend New Beginnings sober living facility pending sentencing in this matter, as well as to have the no contact order with his wife lifted.  In support of this request, Mr. Vigil states:

1.   On November 18, 2025, an indictment was filed in which Mr. Vigil was charged with Assault by a Habitual Offender, and Assault of an Intimate Partner (Doc. 2);

2.   On December 30, 2025, conditions of release were set releasing him to La Posada Halfway House (Doc. 17).

3.   Mr. Vigil is currently scheduled to accept a plea in this matter on May 26, 2026. (Doc. 20).  He would like an opportunity to begin rehabilitative treatment as soon as possible while awaiting sentencing in this matter.  He has taken initiative to apply and gain acceptance to New Beginnings sober living facility. (*See* Exhibit A – Acceptance Letter)

4.   Mr. Vigil requests his conditions of release be modified to allow him to attend New Beginnings while awaiting sentencing on this matter, and to have the current no contact order with his wife lifted.

### Applicable Law

5.   When setting conditions of release, 18 U.S.C.A §3142(c)(B) provides that the judicial officer shall subject the person to the "least restrictive further condition, or combination of conditions that such judicial officer determines will reasonable assure the appearance of the person as required and the safety of any other person and the community."

6.   Section 3142 governs release or detention pending trial and applies generally to "a judicial officer" setting the conditions.  It not only requires the least restrictive conditions, but also at §3142(c)(3) states "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release."  There is no prohibition in the statute about how long after a release order a Defendant can file a motion for amendment, nor is there any specific requirement in the statute for the defendant to produce new evidence or meet a particular burden.

**<u>Argument</u>**

7.   Mr. Vigil respectfully requests this Court reconsider his conditions and allow him to attend New Beginnings sober living facility while awaiting sentencing in this matter

8.   Mr. Vigil acknowledges he is charged with a serious offense but submits that he has presented sufficient evidence and demonstrated factors that support that he is neither a flight risk nor a danger to the community and thus should be allowed to attend rehabilitative treatment pending sentencing.  He further states that he has demonstrated significant acceptance of responsibility and a desire to rehabilitate.

9.   Mr. Vigil's wife, would like to be in contact with Mr. Vigil during his rehabilitation.

10. United States Probation Officer Beatrice Manzanares was contacted regarding the requested relief. Pretrial Services does not oppose Mr. Vigil's request to attend New Beginnings sober living facility, but opposes lifting the current no-contact order.

11. Assistant United States Attorney Michael R Pohl was contacted, and as of the filing of this Motion, counsel has not received a response from the United States.

**WHEREFORE,** Mr. Vigil requests the Court enter an order allowing him to attend New Beginning sober living facility while pending sentencing in this matter, and lifting the no contact order with his wife, along with any conditions deemed appropriate as recommended by United States Probation Officer Beatrice Manzanares and as determined to be appropriate by the Court.

Respectfully submitted,

*/s/ Ahmad Assed*
Ahmad Assed
Law Office of Ahmad Assed
818 5th Street NW
Albuquerque, NM 87102
505-246-8373
Fax: 505-246-2930
Email: ahmad@assedlaw.com
*Attorney for Mr. Vigil*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on May 22, 2026, I filed the foregoing electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Ahmad Assed*
Ahmad Assed
Attorney for Tyler Vigil